IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM CARRUTH, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 18-2061 |
| STATE OF PENNSYLVANIA, : | |
| et al., : | |
| : | |
| Defendants. : | |

# ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of Defendant Josh Shapiro's Motion to Dismiss, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED.  IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction, insufficient service of process, and for failure to state a claim as against Defendant Josh Shapiro.

**BY THE COURT:**

_____
C. DARNELL JONES, II, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM CARRUTH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 18-2061 |
| STATE OF PENNSYLVANIA, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT JOSH SHAPIRO'S MOTION TO DISMISS COMPLAINT**

Defendant Josh Shapiro (captioned as "Josh Shapiro dba Acting Attorney General Municipal Corporation"), through his undersigned counsel, hereby moves to dismiss Plaintiff Kim Carruth's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (5) and (6).

WHEREFORE, Defendant's Motion to Dismiss should be granted for the reasons stated in the accompanying memorandum of law.

                                                Respectfully submitted,

                                                OFFICE OF ATTORNEY GENERAL

Date: August 6, 2018              By:   */s/ Matthew Skolnik*
                                                     Matthew Skolnik

Office of Attorney General           Deputy Attorney General
1600 Arch Street, 3rd Floor         Attorney I.D. No. 89423
Philadelphia, PA 19103
Phone: (215) 560-2136              Keli M. Neary
Fax:   (717) 772-4526             Chief Deputy Attorney General
mskolnik@attorneygeneral.gov    Civil Litigation Section

                                              Counsel for JOSH SHAPIRO, Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM CARRUTH, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 18-2061 |
| STATE OF PENNSYLVANIA, : | |
| et al., : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT JOSH SHAPIRO'S MOTION TO DISMISS COMPLAINT**

Defendant Josh Shapiro (captioned as "Josh Shapiro dba Acting Attorney General Municipal Corporation") (hereafter the "Attorney General")[1] respectfully submits this memorandum of law in support of his Motion to Dismiss Plaintiff Kim Carruth's Complaint.

**I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This matter appears to have been removed from, or is otherwise related to, an action in ejectment which was pending in the Pennsylvania Court of Common Pleas for Philadelphia County, captioned as *James Patterson, et al. v. Carruth*, Pa. CCP, Phila. Cnty., Case No. 17-09-01977.  The Attorney General was not a party to the action in ejectment.  According to the Philadelphia County online Docket, the *pro se* plaintiff ("Carruth") was the defendant in the ejectment proceeding. *See generally* ECF Doc. No. 10-5, at p. 1 of 12.

Although the present Complaint is difficult to comprehend, this action appears to arise out of a dispute between Carruth and (now) defendant James Patterson related to possession of

---

[1] The Attorney General of Pennsylvania is defendant Josh Shapiro, an adult individual. The Office of Attorney General is not a "municipal corporation." *See* 71 P.S. § 732-201; *see also* note 3, *infra*.

real property situated at 108 West Godfrey Avenue, Philadelphia, Pennsylvania. *See* Complaint (ECF Doc. No. 2), at "STATEMENT OF CLAIM." There are no factual allegations against the Attorney General. Instead, the sole mention of the Attorney General in the Complaint's "Statement of Claim" is Carruth's allegation that on May 2, 2017, Josh Shapiro, along with the other defendants, was "subject to a fraudulent transfer of 'real property' from a Trust." Complaint at p. 6. The Attorney General was not involved in any prior foreclosure action or sheriff's sale, nor does Carruth allege any such involvement. Indeed, Attorney General has been left to guess as to why he is a party to this action at all.

The Complaint seeks injunctive relief only.[2] Among the relief requested is to "require all Public Servants under the direction of Josh Shapiro" to perform various acts related to certain unspecified security instruments or to "VACATE their position[s]." Complaint at p. 10. It is unclear whether these "Public Servants" are the Attorney General's co-defendants – over whom he has no control or relationship – or non-parties to this action.

Plaintiff attempted to serve the Attorney General with the Complaint via Certified Mail on or about July 18, 2018.

## II.   ARGUMENT

### A.   Standards of Review.

When a motion to dismiss is based on lack of subject matter jurisdiction in addition to other defenses, "[a]n actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." *Tagayun v. Stolzenberg*, 239 Fed. Appx. 708, 710 (3d Cir. 2007). When a defendant challenges subject matter jurisdiction pursuant to

---

[2] Any claim for damages against the Attorney General in his official capacity must fail because, *inter alia*, the Pennsylvania Office of Attorney General is immune from such a suit under the Eleventh Amendment. *See, e.g.*, *Addlespurger v. Corbett*, 461 Fed. Appx. 82, 86 (3d Cir. 2012) (citing *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Federal Rule of Civil Procedure 12(b)(1), the plaintiff must show that the case is properly before the court. *Kehr Packages, Inc. v. Fidelcor*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Jaffess v. Council Rock Sch. Dist.*, C.A. No. 06-0143, 2006 WL 1722416, at *2 (E.D. Pa. June 19, 2006).

A defendant also may move to dismiss a complaint under Rule 12(b)(5) for insufficient service of process.

Under Federal Rule of Civil Procedure 12(b)(6), following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), pleadings standards in federal court have shifted from simple notice pleading to a more heightened form of pleading that requires a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009); *Phillips v. County of Allegheny*, 515 F. 3d 224, 230 (3d Cir. 2008). Thus, when presented with a motion to dismiss for failure to state a claim, the district court should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court accepts the complaint's well-pleaded facts as true but should disregard legal conclusions. *Iqbal*, 556 U.S. at 678-79. Second, the court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief; it must "show" such an entitlement with its facts. *Id.*; *see Phillips*, 515 F.3d at 234-35; *Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010). Although a *pro se* complaint should be construed liberally, it still must comply with Rule 8(a) and should be dismissed if the facts alleged do not state a plausible claim. *Yori v. Domitrovich*, 654 Fed.Appx. 52, 53-54 (3d Cir. 2016).

    **B.**    **The Complaint Should Be Dismissed under Fed. R. Civ. P. 12(b)(1).**

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question

3

jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936)).

Here, Carruth seeks to invoke federal question jurisdiction by citing to the Single Family Mortgage Foreclosure Act, 12 U.S.C. §§ 3751-3768.  That federal statute "only applies to foreclosures [filed] on behalf of the Secretary of Housing and Urban Development." *Citibank, N.A. v. Gumbs*, C.A. No. 07-2476, 2007 WL 3491744, at *5 (N.D. Ga. Nov. 6, 2007) (citing *Termarsch v. Homeq Servicing Corp.*, 399 F.Supp.2d 827, 829 (W.D. Mich. 2005)).  The Attorney General was not a party to Carruth's mortgage and is not subject to the Single Family Mortgage Foreclosure Act.  As the *Gumbs* court noted, "If the Act has any applicability, it appears to apply as a defense to [the state court] dispossessory action only." *Id.*, 2007 WL 3491744, at *5.  Thus, to the extent the Complaint constitutes Carruth's attempt to assert a counterclaim against the original plaintiff in the ejectment action, federal question jurisdiction "cannot be predicated on a defense or a counterclaim." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 Fed. Appx. 113, 114-15 (3d Cir. 2016) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)).  Thus, there is no subject matter jurisdiction as to Plaintiff's claim against the Attorney General.

In the alternative and to the extent the present Complaint constitutes Carruth's attempt to assert a private right of action against the Attorney General, such a claim does not state a cognizable cause of action under the statute at issue.  *See* Section II.D, *infra*.

**C.     The Complaint Should Be Dismissed under Fed. R. Civ. P. 12(b)(5).**

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Capital Int'l., Ltd. v. Rudolf Wolff &*

4

*Co., Ltd.*, 484 U.S. 97, 104 (1987).  To properly serve a civil action, a plaintiff must either cause an authorized individual to hand deliver a copy of the summons and complaint or use another method of service as provided in "the law of that state in which the district court is located." Fed. R. Civ. P. 4(e).  Pennsylvania law does not allow service by mail and a case is properly dismissed under Rule 12(b)(5) when it is served by mail. *Sullivan v. Doe*, C.A. No. 07-2092, 2007 WL 4531029, at *3 (E.D. Pa. Dec. 20, 2007).  A complaint must be properly served within 90 days of its filing or the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The party claiming service over a defendant has the burden of proving that the Complaint was properly served. *Grant Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).  When weighing a motion to dismiss pursuant to Rule 12(b)(5), the plaintiff must persuade the Court that service of original process was valid. *Bond v. Laser Spine Institute, LLC*, C.A. No. 10-1086, 2010 WL 3212480, at *4 (E.D. Pa. Aug. 11, 2010).

In the present case, the Attorney General was "served" by United States Postal Service certified mail at Strawberry Square, 16th Floor, Harrisburg, PA 17120. *See* Summons (Doc. No. 6), at pp. 2, 4.  Because the Attorney General is located in Pennsylvania, the purported service was improper and is a legal nullity. *See Biesecker by Biesecker v. Cerebral Palsy Ass'n, Chester Cty. Disabilities Servs.*, No. CV 17-2586, 2018 WL 3416384, at *3 (E.D. Pa. July 13, 2018) ("Here, the Commonwealth . . . Defendants . . . were served by certified mail.  Because these defendants reside in Pennsylvania, such service was improper.").

Further, the Complaint was filed May 16, 2018.  The ninetieth day for proper service under Rule 4(m) will be August 14, 2018, after which time the Complaint must be dismissed. Fed. R. Civ. P. 4(m).

5

### D. The Complaint Should Be Dismissed under Fed. R. Civ. P. 12(b)(6).

The Complaint fails to put the Attorney General on notice of the nature of the claim against him. Carruth has pled no facts which would establish any potential cause of action against the Attorney General – whether pursuant to the Single Family Mortgage Foreclosure Act, 12 U.S.C. §§ 3751-3768, or any other legal theory. As a consequence, even under the more liberal construction afforded *pro se* litigants, *see Atun El v. U.S.*, C.A. No. 13-3970, 2014 WL 1281230, at *1 (E.D. Pa. Mar. 31, 2014) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)), the Complaint fails to allege a plausible claim for relief as against Attorney General Shapiro.

Under Fed. R. Civ. P. 12(b)(6), following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), pleadings standards in federal court have shifted from simple notice pleading to a more heightened form of pleading that requires a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009); *Phillips v. County of Allegheny*, 515 F. 3d 224, 230 (3d Cir. 2008). By way of example only, Plaintiff's "general claims" that she is the "sole Beneficial Owner" of the real property in question "are too broad to put the opposing party on notice of her claims . . . and, more simply, fail to provide a short and plain statement showing that she is entitled to relief" under Rule 8(a). *Golod v. Bank of Am. Corp.*, C.A. No. 08-746, 2009 WL 1605309, at *3 (D. Del. June 4, 2009), *aff'd*, 403 Fed. Appx. 699 (3d Cir. 2010) (citing *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001)). Moreover, Plaintiff's references to the Foreign Corrupt Practices Act and other statutes on page 7 of the Complaint are not merely conclusory, but entirely fanciful and bear no possible relation to any alleged act or omission on the part of the Attorney General of Pennsylvania. Therefore, defendant Josh Shapiro respectfully requests that the Complaint be dismissed.

Due to the facially baseless if not frivolous nature of Plaintiff's claims against Josh Shapiro, who has no relationship to any of the security instruments at issue in the Complaint, any amendment as to the Attorney General would be futile.  Thus, the Court may dismiss the Complaint as to the Attorney General without leave to amend. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

## III.   CONCLUSION

For the foregoing reasons, Defendant Josh Shapiro respectfully requests that this Court grant his Motion to Dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL

Date: August 6, 2018          By:     /s/ *Matthew Skolnik*
                                      Matthew Skolnik
Office of Attorney General            Deputy Attorney General
1600 Arch Street, 3rd Floor           Attorney I.D. No. 89423
Philadelphia, PA 19103
Phone: (215) 560-2136                 Keli M. Neary
Fax:   (717) 772-4526                 Chief Deputy Attorney General
mskolnik@attorneygeneral.gov          Civil Litigation Section

                                      Counsel for JOSH SHAPIRO, Attorney General

## **CERTIFICATE OF SERVICE**

    I, Matthew Skolnik, hereby certify that the foregoing Defendant's Motion to Dismiss the Complaint has been filed electronically on August 6, 2018, is available for viewing and downloading from the Court's Electronic Case Filing system, and is being served on this date upon the Plaintiff, via First Class Mail, at the following address:

**Kim Carruth**
108 W. Godfrey Avenue
Philadelphia, PA 19120

.

Date: August 6, 2018        By:   */s/ Matthew Skolnik*

                                                Matthew Skolnik
                                                Deputy Attorney General