### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM CARRUTH | : | |
| Plaintiff | : | CIVIL ACTION 18-2061 |
| | : | |
| vs. | : | |
| | : | |
| STATE OF PENNSYLVANIA | : | |
| et. al. | : | |
| Defendant | : | |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of Defendants,

Philadelphia County, Jewell Williams dba Sheriff-Philadelphia County and James Leonard,

Philadelphia Country Recorders of Deeds', Motion to Dismiss Plaintiff's Complaint, and any

response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and that Plaintiff's

complaint shall be dismissed.

**SO ORDERED:**

_____

**J.**

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM CARRUTH | : | |
| Plaintiff | : | CIVIL ACTION 18-2061 |
| | : | |
| vs. | : | |
| | : | |
| STATE OF PENNSYLVANIA | : | |
| et. al. | : | |
| Defendant | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Jewell Williams, dba Sheriff, Philadelphia County and James Leonard,

Philadelphia County Recorder of Deeds (collectively, the "City Defendants"), by and through

their undersigned counsel, hereby file this Memorandum of Law in Support of their Motion to

Dismiss Plaintiff, Kim Carruth's ("Carruth") Complaint.

### I.      INTRODUCTION

The Complaint concerns the disposition of property at 108 W. Godfrey, Philadelphia, PA

19120 (the "Property"), which Carruth purports to own.  Prior to commencing this action,

Carruth was a party to several actions, all related to the Property, in the Philadelphia Court of

Common Pleas ("CCP").  Based on a review of the related CCP dockets (CCP Docket Nos.

141003548, 161000169, and 170901977), Carruth formerly owned the Property before Bank of

America foreclosed and Carruth's interest was extinguished.  Following the foreclosure, James

Patterson, another defendant in this matter, purchased the Property and filed suit requesting a

judgment for possession of the Property.  Patterson prevailed but before a writ of possession

could be executed, Carruth removed the CCP case to this Court and instituted this action.

Each of the underlying CCP matters was instituted and disposed of in the CCP.  The

orders in those cases became final and were not appealed.  City Defendants were not a party in

any of those actions nor do they have an interest in the Property.  Nonetheless, Carruth has

instituted this action seemingly asking this Court to overturn the mortgage foreclosure ruling in

the CCP, and including the City Defendants as parties to this matter.  Carruth attempts to

challenge the validity of the foreclosure, subsequent sheriff sale, and/or ejectment actions that

took place in the CCP related to the Property.  To that end, Carruth appears to assert two claims,

one alleging a violation of the Single Family Mortgage Foreclosure Act ("SFMFA"), and another

alleging fraudulent transfer of the Property to Patterson.[1]  Further, Carruth's Complaint also cites

Embezzlement, the Foreign Corrupt Practices Act, the Racketeer Influenced & Corruption

Organization Act, Trafficking in Persons, Identity theft, False Claims Act, and White Collar

Crime, with no indication how these allegations relate to the Property or implicate the City

Defendants.  As far as the City Defendants can tell, none of the claims are against the City

Defendants, nor do they discuss any actions taken on their part.

Carruth attempted to serve the City Defendants with the Complaint, via Certified Mail,

on or about July 14, 2018.[2]

## II.      ARGUMENT

### a.  Standard of Review

In order to survive a motion to dismiss under Fed. R. Civ. P 12(b)(6), a plaintiff must

present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v.*

---

[1] Based on the Complaint, it is not entirely clear what Carruth is pleading, but to the best of the City's knowledge, the Complaint alleges those two claims.

[2] Carruth attempted to serve Jewell Williams and James Leonard.  She has never served the County of Philadelphia.

*Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Carruth is obligated to assert the grounds

upon which she is entitled to relief, and, in doing so, must provide, "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must detail

sufficient facts for each element of the causes of action asserted.  *Iqbal,* 556 U.S. at 678; *see also*

*Lopez v. Tri-State Drywall, Inc.*, 861 F. Supp. 2d 533, 535 (E.D. Pa. 2012).  Although this is

frequently described as a "plausibility" standard, *see e.g., Twombly,* 550 U.S. at 564, a plaintiff

must support its claim with specific facts to demonstrate "more than a sheer possibility that a

defendant has acted unlawfully."  *Iqbal,* 556 U.S. at 678.  "[A] blanket assertion to entitlement of

relief" is not enough, *Twombly, 550 U.S.* at 555-56 (citations committed); nor are "'naked

assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*), 550 U.S. at 557.  Lastly, legal conclusions couched as factual allegations are

insufficient and "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Id.* at 679 (citation omitted).

Further, "[w]hen a plaintiff files *pro se*, [the court has] a special obligation to construe his

complaint liberally" *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018), but plaintiff must still

plead "something more than a mere *possibility* of a claim…a plaintiff must allege enough facts to

state a claim to relief that is plausible on its face."  *El v. People's Emergency Ctr.,* No. CV 17-

4915, 2018 WL 2963512, at *2 (E.D. Pa. June 12, 2018) citing *Twombly* 550 U.S. at 570.  "The

leniency given to a *pro se* complaint must always be tempered by a defendant's…need for fair

notice of the claims against them.  If a *pro se* complaint is so confusing or unintelligible that a

party could not understand or reply to it, the court should dismiss the case for failure to comply

with Rule 8(a)." *Parker v. Learn the Skills Corp.,* No. 03-6936, 2004 WL 2384993, at *2 (E.D.

Pa. Oct. 25, 2004).

### b.  The Complaint Should be Dismissed Because It Does Not State a Claim Upon Which Relief Can be Granted.

Carruth cannot meet the initial threshold to survive a motion to dismiss.  Her Complaint

appears to be nothing more than several pages of legal citations and incomplete legal arguments.

The Complaint fails to set forth any plausible cause of action or include the elements to support

those causes of action.  Further, the Complaint does not assert facts to support any legal claims

that could be extrapolated from the Complaint.  Notwithstanding the sheer inadequacy of the

Complaint, upon a generous reading it appears that Carruth asserts two claims against the City

Defendants, one under the Single Family Mortgage Foreclosure Act, 12 U.S.C §§3751, and a

second claim for fraud.  Carruth's claim under the SFMFA fails at the outset.  Carruth's

Complaint states:

> Pursuant to Notice 95-100 H.U.D; Congress pass the Single Family Mortgage
> Foreclosure Act-(PL-103-372; 12 U.S.C. 3751-3768) which clearly states "*all
> foreclosure actions under the new legislation must be initiated in the name of the
> Secretary of Housing and Urban Development.*" aka Ben Carson; **Please clarify
> the above United States Code Above?**

(Complaint at 4, emphasis supplied in the original).  The SFMFA only applies to "foreclosure

proceedings brought by or on behalf of the Secretary of Housing and Urban Development."

*Jean Turman w. Wells Fargo Bank N.A.* No. 16-6546, 2018 WL 1840199, at *2 (6th Cir. Mar.

21, 2018).  Carruth's Complaint does not supply any information to support that the foreclosure

action was subject to the SFMFA or, if so, how it is contrary of the Act.  Nor does Carruth

include any facts that would support such a conclusion.  Therefore, this claim fails at the outset.

Carruth's Complaint similarly fails to properly allege any fraudulent transfer.  Carruth

alleges that City Defendants were all "subject to a fraudulent transfer of 'real property' from a

Trust" (Complaint at 6), but provides no further evidence as to what this fraudulent transfer or

"Trust" was or how the City Defendants were involved.  Again, Carruth fails to provide any of

the elements required to make out a claim for fraudulent transfer, nor does she provide any facts

that would support such a claim.  Even applying the less stringent standards afforded to pro se

parties, Carruth's claims still fail to state a claim upon which relief could be granted and must be

dismissed.   This is particularly true where fraud must be plead with particularity.  Fed. R. Civ. P.

9(b).

Lastly, even if Carruth were able to make out any plausible claims, she has not implicated

the City Defendants, nor is the City involved in either of these alleged wrong doings.  The City

Defendants are mentioned, in total, three times in Carruth's Complaint.  Further, not one of those

instances implicates or insinuates that the City Defendants were involved in any of the

transactions that led to the claims Carruth now attempts to assert.  This is not sufficient to

institute or continue a lawsuit against them.  *Carrasquillo v. Rendell,* No. CIV.A. 09-347, 2009

WL 1940394, at *3 (W.D. Pa. June 30, 2009) ("Where a complaint alleges no specific act or

conduct on the part of the defendant and the complaint is silent as to the defendant except for his

name appearing in the caption, the complaint is properly dismissed, even under the liberal

construction to be given pro se complaints.").  Therefore, the Complaint should be dismissed

against the City Defendants.[3]

### c. The Complaint Should be Dismissed Because This Court Does Not Have the Authority to Review Claims Already Litigated and Decided in State Court.

Carruth's Complaint must also be dismissed because this Court does not have subject

matter jurisdiction to hear Carruth's claims, which have already been determined in the CCP.

---

[3] If the Court is not inclined to dismiss Carruth's claims outright, the City requests that, in the alternative, Carruth be required to provide a more definitive statement of her claims.

Federal District Courts are prohibited from reviewing state court judgments brought by parties who have lost in state court.  This prohibition is governed by the Rooker-Feldman Doctrine.

The Rooker-Feldman Doctrine essentially prohibits "cases brought by state-court losers complaining of injuries caused by state-court judgements rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 164 (3d Cir. 2010). There are four requirements in order for the Rooker-Feldman doctrine to apply: "1) the federal plaintiff lost in state court; 2) the plaintiff complains of injuries caused by the state-court judgments; 3) those judgements were rendered before the federal suit was filed; and 4) the plaintiff is inviting the district court to review and reject the same.  *Great Western Mining* at 166.

Carruth's Complaint meets all four requirements and should be dismissed.  The first and third elements are easily met.  Carruth lost her CCP cases in state court, and now seeks to transfer and relitigate them here.  Further, the judgments rendered in CCP were rendered before Carruth's federal court filing.  Therefore, only the second and fourth elements of the Rooker-Feldman Doctrine are at issue.

The second element, that a plaintiff complains of injuries caused by a state court judgment, is also met.  In order to satisfy this element "the critical task…is to identify those federal suits that profess to complain of injury to a third party, but actually complain of injury produced by a state-court judgment, and not simply ratified, acquiesced in, or left unpunished by it. *Ituah v. City of Philadelphia*, No. CV 16-05772, 2017 WL 2079888, at *6 (E.D. Pa. May 15, 2017).  (A case is barred by Rooker-Feldman when the state-court judgment was itself the source of injury.)  *Great Western Mining* at 166.

7

The injuries claimed here, the foreclosure and subsequent judgment for possession of the Property in favor of James Patterson, were directly caused by the state court judgments. *See Ituah* at *5 ("the timing of the injury can be a useful guidepost in determining its source, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could be caused by those proceedings.")  Here, the injuries Carruth complains of did not exist prior to the judgments in CCP but because of it.  These same injures are the subject of this Complaint.  Therefore, any injury to Carruth was caused by the state court proceedings related to the Property and the second element is met.

The fourth element prohibits "appellate review …of proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with the law." *Great Western* at 169.  "The Rooker-Feldman Doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *Easley v. New Century Mortg. Corp.,* 394 Fed. Appx. 946, 947-48 (2010).  Further, the Rooker-Feldman Doctrine applies even when "a federal plaintiff brings a claim whether or not it was raised in state court, that asserts injury caused by a state-court judgment and seeks review and reversal of that judgment." *Great Western* at 170.

Carruth's claims satisfy this fourth element too.  Carruth is asking for this Court to review the foreclosure and possession judgments entered by the CCP and invalidate them because she believes they were inappropriate.  This is exactly the type of claim the Rooker-Feldman Doctrine prohibits.  Carruth cannot request the District Court to sit as a court of appeals and review the decisions of the CCP.  Further, the fact that her claims in state court and federal court are based on different causes of action does not change the fact that Carruth is asking for

8

review and reversal of the state court judgments.  Therefore, the fourth element of the Rooker-

Feldman Doctrine has been satisfied and Carruth's Complaint should be dismissed for lack of

subject matter jurisdiction.

### d.  The Complaint Should be Dismissed Because Plaintiff did not Properly Serve the City Defendants.

Carruth named "Philadelphia County" as well as "Jewell Williams, dba Sheriff-

Philadelphia County etals" and "James Leonard, Philadelphia County Records of Deeds".

Carruth attempted to serve Jewell Williams and James Leonard on July 14, 2018 via certified

mail.  Further, Carruth has not served Philadelphia County although it was named as a Defendant

in the Complaint.

Service to Jewell Williams and James Leonard was improper.  Rule 4(j)(2) of the Federal

Rules of Civil Procedure provides that:

> A state, a municipal corporation, or any other state-created governmental
> organization that is subject to suit must be served by: (A) delivering a copy of the
> summons and of the complaint to its Chief Executive Officer, or (B) serving a copy
> of each in the manner prescribed by that state's law for serving a summons or like
> process on such a defendant.

Fed.R.Civ.P. 4(j)(2) (2010).  Pennsylvania law asserts that a political subdivision can only be

served "by handing a copy to (1) an agent duly authorized by the political subdivision to

receive service of process, or (2) the person in charge at the office of the defendant, or (3) the

mayor, or the president, chairman, secretary or clerk of the tax-levying body." Pa. R.C.P. 422(b).

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a complaint can be dismissed for

insufficient service of process.  Additionally, pursuant to Fed. R. Civ. P 4(m), "If a defendant is

not served within 90 days after the complaint is filed, the court-on motion or on its own after

notice to the plaintiff-must dismiss the action without prejudice against the defendant or order

that service be made within a specific time."

Carruth did not comply with the service requirements under Fed. Civ. P. 4(j) or Pa.

R.C.P. 422(b).  Instead, she attempted to serve Jewell Williams and James Leonard via certified

mail.  Moreover, Carruth did not serve Philadelphia County at all.  Therefore, service is not

proper against Jewel Williams or James Leonard and the Complaint should be dismissed as to

them pursuant to Fed. R. Civ. P 12(b)(5).  Further, the Complaint was filed on May 16, 2018.

The ninetieth day for proper service under Rule 4(m) would have been August 16, 2018.  Carruth

did not provide proper service by then, therefore, the Complaint should be dismissed as to Jewel

Williams, James Leonard and Philadelphia County.

## III.    Conclusion

Wherefore, for all the reasons articulated above, Carruth's Complaint should be

dismissed against the City Defendants with prejudice.

/s/ Amy Kirby
Deputy City Solicitor
Attorney I.D. No. 323938
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA  19102
Phone (215) 683-3566
Fax: (215) 683-5299

Counsel for Defendants
Philadelphia County, Jewel Williams and James
Leonard

Dated:  August 20, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date set forth below, I served a true and correct copy of the

foregoing Motion to Dismiss by Notice of Docket Activity sent automatically by CM/ECF and via

first class mail on the following pro se individual:

> Kim Carruth
> Estate of Carruth
> 108 West Godfrey Avenue
> Philadelphia, PA  19120

BY:    /s/ Amy Kirby
       Deputy City Solicitor

Dated:  August 20, 2018