IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM CARRUTH                                  Plaintiff, v. | : | |
| | : | |
| STATE OF PENNSYLVANIA; JOSH SHAPIRO *d/b/a Acting Attorney General*; MUNICIPAL CORPORATION ET ALS; ADMINISTRATIVE RESERVE BANK; FRB OF PHILADELPHIA; PHILADELPHIA COUNTY ETALS; BLESSED RUDOLPH, *Controller on Behalf of Bank of America, N.A.*; ELFANT-WISSAHICKON-REALTY; BEN CARSON, *d/b/a United States Department of Housing and Urban Development*; JEWELL WILLIAMS ETALS, *d/b/a Sheriff-Philadelphia County*; STEVE WULKO, *d/b/a Philadelphia County Clerk Recorder*; JAMES LEONARD, *Philadelphia County Recorder of Deeds*; and, JAMES PATTERSON, SR. ETAL., *d/b/a Interlopers*[1]                                  Defendants. | : : : : : : | CIVIL ACTION NO. 18-2061 |

## ORDER

AND NOW, this 7th day of September, 2018, it is hereby ORDERED as follows:

(1) Plaintiff's Motion for Entry of Default (ECF No. 22) is DENIED, based upon the following: (a) several of the defendants against whom Plaintiff seeks default against timely responded to her Complaint by filing Motions to Dismiss/For More Definite Statement; and, (b) Plaintiff has failed to provide adequate proof of service regarding the remaining Defendants;

---

[1] This Court has captioned the instant Order using the same names, designations, and spellings provided by Plaintiff in her Complaint and appearing on the docket.

    (2)    Defendants FRB of Philadelphia, Josh Shapiro, James Patterson, Sr., Bank of America, N.A./ Blessed Rudolph's Motions to Dismiss/Motions for More Definite Statement (ECF Nos. 10, 12, 21, 25) are GRANTED;[2]

    (3)    Plaintiff's Complaint is DISMISSED as to all moving and non-moving Defendants; and,

    (4)    On or before September 21, 2018, Plaintiff shall file an Amended Complaint. Said Complaint shall:

        (a)    Set forth claims in short, concise, and plain statements and in sequentially numbered paragraphs;

        (b)    Organize legal claims into appropriate counts;

        (c)    Limit claims in a paragraph to one related allegation or occurrence;

        (d)    Limit counts to one related cause of action;

        (e)    Indicate the nature of the relief sought; and,

        (f)    State the legal basis for any claim asserted, citing appropriate statutes and/or authorities.[3]

---

[2] This Court notes that Plaintiff has failed to file a Response to any of the Motions for which the Response deadline has passed. Nevertheless, this Court is dismissing her Complaint for the reasons set forth in Footnote 3.

[3] The Federal Rules of Civil Procedure provide in pertinent part as follows:

    Rule 8. General Rules of Pleading

        (a) Claim for Relief. A pleading that states a claim for relief must contain:
            (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
            (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
            (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8.

In cases where a plaintiff seeks relief on the basis of an alleged conspiracy,

> "A complaint cannot survive a motion to dismiss if it contains only conclusory allegations of conspiracy, but does not support those allegations with averments of the underlying material facts." The reason for the requirement of specificity in pleading a conspiracy is the same as that for specificity with regard to other claims: notice to the defendants. "[A] defendant must be given notice of how he is alleged to have participated in the conspiracy, so that he may intelligently prepare his answer and defense."

*Arunga v. Melo*, Civil Action No. 93-24, 1993 U.S. Dist. LEXIS 10304, at *6-7 (E.D. Pa. 1993) (quoting *Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992) (internal citations omitted).

With specific regard to *pro se* Complaints,

> [T]here is a limit to the indulgence of the law and the resultant imposition on the defendants and the courts in pro se cases. In some cases, the pro se complaint may be so poorly drafted that it is "impossible for any party or court to understand plaintiff's alleged claim or damage, . . ." Where the complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised," it fails to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." When that happens, the defendants cannot adequately respond until and unless the plaintiff meets minimal pleading standards so as to give defendants fair notice of the claims against them.

*Arunga*, 1993 U.S. Dist. LEXIS 10304, at *7-8 (internal citations omitted).

In this case, Plaintiff's Complaint is largely unintelligible, thereby making it virtually impossible for Defendants to understand exactly what claims are being brought against them or the facts upon which said claims are based (as they pertain to each specific Defendant). As such, Defendants are unable to prepare a response. *See Itiowe v. United States Gov't,* 650 F. App'x 100, 103 (3d Cir. 2016) (affirming District Court's dismissal of case with prejudice where both the initial and proposed Amended Complaint "[was] so unfocused as to be unintelligible, and thus defies any attempt to meaningfully answer or plead to it."); *Strunk v. Wells Fargo Bank, N.A.,* Civil Action No., 14-5325, 2014 U.S. Dist. LEXIS 155302, at *3 (E.D. Pa. 2014) (dismissing Fourth Amended Complaint with prejudice after finding "[it] is very difficult to decipher. In fact, the complaint is almost unintelligible and fails to show with any specific facts that the plaintiffs are entitled to relief."); *Cox v. Timoney*, Civil Action No. 00-5242, 2000 U.S. Dist. LEXIS 18722, at *4 (Dec. 11. 2000) ("A pleading is supposed to give notice to the opposing parties of what is claimed so that they can properly respond. By no stretch of the imagination has plaintiff done that. This complaint is confusing, vague, ambiguous and, in parts,

BY THE COURT:


/s/  C. Darnell Jones,   II      J.

---

unintelligible. It is lacking simple, concise, and direct statements. It does not tell the defendants what they did that in plaintiff's view violated the law. The complaint does not explain when and where any violations occurred. Simply appending a mass of documents as plaintiff has done here does not aid the defendants in responding to that complaint.").

Plaintiff is directed to familiarize herself with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for this District, this Court's published Policies and Procedures, and applicable case law before preparing and submitting an Amended Complaint.  Additionally, Plaintiff shall refrain from inundating the court with frivolous and legally incognizable filings. (ECF Nos. 13, 18, 22, 23, 24.)  Failure to do so may result in sanctions.