IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM CARRUTH | : | |
|     Plaintiff, | | |
| v. | | |
| | : | |
| STATE OF PENNSYLVANIA; JOSH SHAPIRO *d/b/a Acting Attorney General*; MUNICIPAL CORPORATION ET ALS; ADMINISTRATIVE RESERVE BANK; FRB OF PHILADELPHIA; PHILADELPHIA COUNTY ETALS; BLESSED RUDOLPH, *Controller on Behalf of Bank of America, N.A.*; ELFANT-WISSAHICKON-REALTY; BEN CARSON, *d/b/a United States Department of Housing and Urban Development*; JEWELL WILLIAMS ETALS, *d/b/a Sheriff-Philadelphia County*; STEVE WULKO, *d/b/a Philadelphia County Clerk Recorder*; JAMES LEONARD, *Philadelphia County Recorder of Deeds*; and, JAMES PATTERSON, SR. ETAL., *d/b/a Interlopers*[1] | : : : : : | CIVIL ACTION NO. 18-2061 |
|     Defendants. | : | |

**<u>ORDER</u>**

AND NOW, this 16th day of October, 2018, it is hereby ORDERED that the above-captioned matter is DISMISSED with prejudice in accordance with this Court's Order dated September 27, 2018 (ECF No. 29).[2]

---

[1] This Court has captioned the instant Order using the same names, designations, and spellings provided by Plaintiff and appearing on the docket.

[2] On September 7, 2018, this Court granted motions to dismiss filed on behalf of several Defendants—without any timely Response by Plaintiff—and ordered that Plaintiff file an Amended Complaint on or before September 21, 2018. (ECF No. 26.) On September 21, 2018,

---

Plaintiff filed a Motion for Default Judgment against various defendants; some of whom were parties to the previous motions, and some of whom were never properly served. (ECF Nos. 27, 28.) On September 27, 2018, this Court denied Plaintiff's Motion for Default Judgment and provided Plaintiff with a second opportunity to file an Amended Complaint that complied with the pleading requirements of the Federal Rules of Civil Procedure. (ECF No. 29.) Said Amended Complaint was to be filed on or before October 12, 2018. As the record clearly demonstrates, both the September 7, 2018 Order and the September 27 2018 Order explicitly directed Plaintiff as to the manner in which she was to prepare her Amended Complaint. (ECF No. 26 ¶ 4(a)-(f); ECF No. 29.) Further, the September 7, 2018 Order unambiguously warned Plaintiff that sanctions could be imposed for failure to comply, and the September 27, 2018 Order similarly warned Plaintiff that failure to comply would result in dismissal of the case. (ECF Nos. 26, 29.) Contrary to both Orders, Plaintiff filed a Motion for Declaratory Judgment on October 12, 2018, claiming in part that Defendants failed to respond to her filings in a timely manner and that she has been denied discovery. (ECF No. 30.)

It is well settled that "[a] district court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b)." *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007). In *Azubuko*, the trial court dismissed a pro se plaintiff's action for failure to file an Amended Complaint in accordance with the court's Order. *Id.* The Third Circuit concluded that "Azubuko's initial filing provided no basis for the district court to proceed with his case nor for an opposing party to respond to his allegations. Azubuko then failed to comply with an explicit order to make his allegations plain by filing an amended complaint. Such facts warranted the sanction of the District Court's dismissal." *Id.*

In this case, Plaintiff has similarly failed to submit any filing that would enable Defendants to respond and enable this Court to proceed. Plaintiff has repeatedly ignored the directives of the court and continues to file papers that are unresponsive to same. Even assuming *arguendo* that Plaintiff's Motion for Judgment on the Pleadings could be loosely construed as an Amended Complaint, dismissal is nevertheless warranted. When a court is considering *sua sponte* dismissal of an action for failure to prosecute *after* pleadings have been properly filed of record, it must first consider several factors:

> 1) the extent of the nonmoving party's personal responsibility; 2) the prejudice to the moving party caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.

*Clarke v. Richardson*, 153 F. App'x 69, 72 (3d Cir. 2005) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

With regard to the extent of Plaintiff's personal responsibility, as a pro se litigant, Plaintiff is completely responsible. *Clarke*, 153 F. App'x at 73 (pro se plaintiff is directly responsible for his/her conduct). Despite notice by the court, Plaintiff failed to cure service defects and repeatedly sought to have default entered against Defendants. Additionally, Plaintiff

BY THE COURT:

/s/  C. Darnell Jones,  II      J.

---

failed to file any responses to Defendants' motions for dismissal.  With respect to the element of prejudice, Defendants have certainly been prejudiced by Plaintiff, as they have had to secure counsel to prepare and file motions.  As for Plaintiff's history of dilatoriness, the same has been thoroughly addressed hereinabove and speaks for itself. With respect to whether or not Ms. Carruth's conduct was willful or in bad faith, it has been held that "[w]illfulness involves intentional or self-serving behavior." *Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 195 (3d Cir. 2010). Clearly, every action Plaintiff has taken since filing her initial IFP application on May 16, 2018, has been self-serving. Next, this Court has considered the possibility of alternative sanctions but in light of Plaintiff's continued failure to effectively cure defects throughout the litigation process and her outright disregard for the court's directives, the only appropriate sanction is dismissal. Lastly, this Court cannot assess the merits of Plaintiff's claims, as she has failed to present them in any manner that would permit assessment of same.

This Court provided Plaintiff with two clear warnings that her case risked dismissal based upon her failure to timely prosecute.  "'The authority of a court to dismiss for lack of prosecution' is governed by the need for 'courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Parks*, 380 F. App'x at 195 (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 631(1962)). Accordingly, the above-captioned matter is hereby dismissed with prejudice.